the will to determine whether or not on its face it is void as an assignment of the beneficial interest, since in doing so no function of a court of equity need be invoked.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 404–406; Dec. Dig. § 201.*]

Appeal from Decree and Order of Surrogate, New York County.

In the matter of the judicial settlement of the account of John R. Garside, as sole acting trustee under the last will and testament of Abraham Garside, deceased. From a decree of the surrogate settling the account, and from an order striking out objections to such account, there was an appeal. Reversed, and proceeding remitted to Surrogate's Court.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Lemuel Skidmore, of New York City, for appellant.
F. S. Jackson, of New York City, for respondent.

HOTCHKISS, J. [1] By the third clause of decedent's will a life interest in the rents and profits of the real estate is devised to appellant. I do not construe the tripartite agreement of May 3, 1909, as an assignment by the appellant to the trustees of this interest. Although, for the considerations appearing in the agreement, and so long as they perform its obligations, the trustees are to be subrogated to appellant's interest in the income, there are no words of transfer of the estate itself, and, should the trustees at any time fail in their obligations, no reconveyance to appellant would be necessary to enable her to claim under the terms of the will. Furthermore, if the words of the agreement were construed as sufficient in themselves to work an assignment of appellant's beneficial interest, the instrument would be void on its face and unenforceable. Real Property Law (Consol. Laws, c. 50) § 105; Laws 1903, c. 88.

[2] To set it aside or avoid its provisions, appellant would not need the aid of a court of equity; for the paper is a nullity, and must be so regarded, whether offered to a court of equity or to a court of law. I find no authority for the proposition that the surrogate has no jurisdiction to consider the instrument for the purpose of determining whether or not on its face it is void. To do this, no function of a court of equity need be invoked. The distinction between an instrument "apparently valid" (Matter of Randall, 152 N. Y. 508, 520, 46 N. E. 945), and one apparently invalid, needs no elaboration. It is urged, however, that the exceptions sought to be filed by the appellant to the account of the trustees are on their face frivolous. Were this true, it might be so determined by this court, and it would be unnecessary to send the matter back to the surrogate; but a careful examination of the exceptions and the account suffices to show that, whatever may be their merit in fact, they are not on their face frivolous.

The decree should be reversed, with $10 costs and disbursements, and the proceedings remitted to the Surrogate's Court, with directions to proceed upon the appellant's objections. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes